## ALBERT MOSES

*v.*

## D. J. LOOMIS et al.

*Filed at Ottawa May 15, 1895.*

1. APPEALS AND ERRORS—*identification of exhibits in bill of exceptions.* Exhibits recited to have been received in evidence and marked with certain letters are sufficiently identified by their insertion in the bill of exceptions with such marks, although there is no express recital that they are the documents offered in evidence, where there is a certificate that the evidence is all that was offered at the trial, and no other exhibits are to be found so marked.

2. LANDLORD AND TENANT—*covenant against alterations of premises—waiver.* A covenant of a lease against alterations by the tenant without consent of the lessor may be waived by parol.

3. SAME—*what is a waiver of covenant against alterations.* A lessor, in a lease containing a covenant against alterations by the lessees, waived his right of forfeiture for an alteration by putting in stairs, where the lessees applied to him to put in such stairs, and he refused to incur the expense, but told them that they might do it and use old stairs then in the building.

4. SAME—*estoppel of landlord to enforce forfeiture.* A landlord who; by his words and conduct, causes lessees to believe that he will not enforce a forfeiture provided for by the lease in case of alterations in the premises, is estopped to avail himself of such forfeiture, where, in that belief, they make alterations.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

STRAUS & BRUGGEMEYER, for appellant.

LONGENECKER & JAMPOLIS, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action of forcible detainer, commenced before a justice of the peace by Albert Moses, against D. J. Loomis, E. W. Stevens and R. S. Hopkins, to recover possession of certain premises in the city of Chicago which the plaintiff had previously leased to Loomis & Stevens, and a portion of which had been underlet by them to Hopkins. Before the justice of the peace the plaintiff recovered judgment against all the defendants, but on appeal by the defendants to the circuit court a trial was had before a jury, resulting in a verdict and judgment in their favor. On appeal by the plaintiff to the Appellate Court that judgment was affirmed, and this appeal is from the judgment of affirmance.

A preliminary question arises out of the contention by the appellees that, as the bill of exceptions is framed, the written lease from the plaintiff to Loomis & Stevens, and the written demand for possession served on them, are not so identified as to enable an Appellate Court to consider them, and consequently that, so far as appears, there was an entire want of evidence upon which a recovery by the plaintiff could be based. It appears from the opinion of the Appellate Court that this contention was sustained by that court, and that the judgment was affirmed on that ground alone. Our examination of the bill of exceptions brings us to a different conclusion. That document recites that the plaintiff produced an instrument which he described as a lease from himself to Loomis & Stevens, and offered it in evidence, and it is then recited that "said lease was admitted in evidence and marked 'Exhibit A.'" Immediately following that recital appears a document purporting to be a lease from the plaintiff to Loomis & Stevens, which is marked "Ex-

hibit A." The written demand for possession appears in the bill of exceptions in very much the same way, that document being marked "Exhibit B." It is true there is no express recital that the documents appearing with those marks are the ones offered in evidence by the plaintiff, but at the close of the bill of exceptions is a certificate that the evidence therein set forth is all the evidence offered at the trial by either party, and as no other exhibits are to be found marked "Exhibits A" and "B," the conclusion necessarily follows that the exhibits so marked are the identical documents offered in evidence by the plaintiff and identified by those marks.

The lease in question, which bears date April 28, 1893, was executed by the parties thereto under their respective hands and seals, and by it the plaintiff demised to Loomis & Stevens certain premises for the term of five years, commencing May 1, 1893. Among the covenants contained in the lease is one which provides that the lessees will not assign the lease, nor let or underlet the whole or any part of the premises, "nor make any alteration therein, without the written consent of said party of the first part, under the penalty of forfeiture and damages." It is claimed by the plaintiff that the lessees, in violation of this covenant, made certain alterations in the premises, by cutting through the floor and the joists supporting the same and putting in stairs descending to the basement of the building, without his written consent, and that the plaintiff thereupon elected to forfeit the lease, and after serving upon the lessees a written notice of such forfeiture and a demand for possession, brought this suit.

Evidence was given at the trial tending to show that the lessees made alterations in the premises as above stated, and that such alterations were made by and with the oral direction and consent of plaintiff, and the court thereupon gave to the jury the following instruction:

"If you believe, from the evidence, that the plaintiff, Moses, verbally authorized the defendants, Stevens & Loomis, to make the change, if any, which you may believe, from the evidence, was made in the building, this was a waiver by Moses of the provision of the lease that no alteration should be made without the written consent of Moses, as that provision was inserted in the lease for the benefit of Moses, and he had a right to waive it."

The assignment of error upon which principal reliance is placed by the appellant is the one which calls in question the propriety of this instruction, and the argument by which the instruction is attacked is based wholly upon the old maxim of the common law, that an instrument under seal cannot be varied or abrogated by words not under seal. The contention is, that as the lease is under seal the consent of the lessor to alterations in the premises, to be binding on him, could be given only in the mode prescribed in the lease, viz., in writing, and that his oral consent to such alterations, or even his express directions to the lessees to make them, are of no avail. It can not be denied that the maxim thus sought to be invoked has repeatedly been recognized and applied in this State. (*Barnett* v. *Barnes,* 73 Ill. 216; *Hume Bros.* v. *Taylor,* 63 id. 43; *Chapman* v. *McGrew,* 20 id. 101.) But the maxim is not applied in this State without various modifications. (*White* v. *Walker,* 31 Ill. 422.) Thus, it is held that the release of a debt secured by a mortgage need not be under seal. (*Ryan* v. *Dunlap,* 17 Ill. 40.) And usually, where parties are bound to one another by writing under seal, the obligors will be discharged by parol proof of facts, if sufficient in themselves to constitute a discharge.

So rights arising under sealed instruments may be waived by parol. Thus, where a lease contains a condition of forfeiture in case the tenant underlets the premises without the written consent of the lessor, if, after such condition is broken, the lessor does any act which is

clearly inconsistent with his reliance upon it, such as the acceptance of rent with full knowledge of all the facts, such conduct amounts to a waiver of the condition, so as to preclude the lessor from afterward availing himself of the forfeiture. *Goodright* v. *Davies,* Cowp. 803 ; Wood on Landlord and Tenant, 530, and notes.

Manifestly the same rule should apply to the covenant now under consideration. And here, as the evidence tends to show, the lessees applied to their lessor to put in some stairs, so as to give access to the basement of the demised premises, and their lessor replied that he would not be to the expense of putting them in, but that the lessees might do it, and for that purpose might use the old stairs which were then in the basement, and that they thereupon made the necessary opening in the floor and put in the stairs designated by the lessor. These facts show a clear intention on the part of the plaintiff to waive his right of forfeiture growing out of the alteration in the premises thus authorized by him, and we see no reason why he should not be held to such waiver. There is no question, so far as we can see, of any variation or abrogation of the sealed instrument, but merely a waiver by the plaintiff of his right to declare a forfeiture thereunder. In fact, the case would seem to be an appropriate one for an application of the doctrine of estoppel. The plaintiff having, by his words and conduct, caused the lessees to believe that he would not enforce the forfeiture provided for in the lease, and they, with that belief, having made the alterations in question, he ought equitably to be estopped from seeking now to avail himself of the forfeiture.

We are of the opinion that there was no error in the instruction, and there being no other errors pointed out which seem to us to be worthy of consideration, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*