**D. A. Schulte, Inc., Appellee, v. Emil Eiger, Oscar S. Eiger and Joseph Eiger, Appellants.**

**Gen. No. 23,370.**

LANDLORD AND TENANT, § 50*—*what are rights of tenant erecting sign on premises under parol permission contrary to terms of lease.* A parol permission by a landlord to a tenant under a written lease to put up a sign on the premises contrary to the express prohibition of the lease does not invest the tenant with an irrevocable right to maintain the sign during the demised term, contrary to such express prohibition, and an injunction will not lie to restrain the landlord from removing a sign erected under such parol authority.

Appeal from the Circuit Court of Cook county; the Hon FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Order reversed. Opinion filed May 31, 1917. Rehearing denied June 11, 1917.

ADLER, LEDERER & BECK, for appellants.

HOLT, CUTTING & SIDLEY, for appellee; DONALD F. MCPHERSON, J. DWIGHT DICKERSON and EDWIN C. AUSTIN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GOODWIN delivered the opinion of the court.

By this interlocutory appeal appellants seek the reversal of a temporary injunction restraining them from interfering with the construction and installation of an electric sign upon the outside of a portion of a building belonging to appellants which appellee's assignee had leased as a store. The parties will be referred to hereafter as complainant and defendants. Complainant's bill alleged that its assignee rented the ground floor corner of a certain building belonging to defendants; by the express terms of the lease complainant was vested with all the rights of the lessee; the space was substantially fifteen by twenty feet. It further states that the defendants had given the complainant explicit permission to erect a sign on the exterior of the building; it had erected such sign January 15, 1917 (a little over a year after the lease was made), and defendants had torn it down; and by virtue of the circumstances alleged there had been a waiver of the provision in the rules and regulations on the back of the lease, which read as follows: "No sign, picture, advertisement or notice shall be displayed, inscribed, painted, or affixed on any part of the outside or inside of said building, or on or about the premises hereby demised," etc. It then set out facts and circumstances tending to show that it would suffer great and irreparable injury if it were not granted relief by injunction.

Paragraph 10 of the lease in question, which was attached to and made a part of the bill, was, in part, as follows:

"(10)   That the lessee and his agents and servants, will at all times observe, perform and abide by all the rules and regulations printed upon the back of this instrument, all of which with the agreements and conditions therein contained are hereby made a part of this lease * * *."

D. A. Schulte, Inc. v. Eiger et al., 206 Ill. App. 59.

The first of the rules and regulations contained in the lease is as follows:

"(1)  No sign, picture, advertisement or notice shall be displayed, inscribed, painted or affixed on any part of the outside or inside of said building, on or about the premises hereby demised, except on glass of the doors and windows of said premises and on the directory board of the building, and then only in such place and of such color, size, style, material and text as shall be first approved by the lessors in writing. The lessee shall not exhibit or display in said demised premises immediately behind any of the exterior doors or windows or immediately behind any of the windows or doors facing any of the interior halls or corridors of the building, any price mark, sign or show case, or sale stand, or other device or display of any kind, except such as are specifically, in writing, approved by the lessors as to the character, size, form, quality, and location, before their use by the lessee."

Defendants answered, denying that any permission was given. They filed an affidavit of one of their number, explicitly denying that any permission was given the complainant to install any sign whatever upon the exterior of the building, or that any of the alleged statements or representations was a part of the consideration inducing the lessee to make the lease or the complainant to accept an assignment of it. Upon a reading of the bill, answer and affidavit, the temporary injunction complained of was issued. A reading of the tenth clause in the lease, together with the first paragraph of the rules and regulations which are made a part of it, conclusively shows that by its terms the lessee and his assignee were explicitly denied the right to erect any sign whatsoever upon the exterior of the building. It is claimed, however, that this restriction on the rights of the lessee was waived by statements made after the execution of the lease. The bill states, and it is contended by counsel, that such statements were made prior to the execution of the lease, but it

is admitted that those statements could not affect the rights of the parties. Its claim, therefore, rests solely upon the alleged permission to erect a sign, given after the lease had been executed. It is conceded that a lease under seal cannot be varied by parol evidence, but it is claimed that the right to insist upon a compliance with its terms may be waived. In support of its contention complainant relies upon the case of *Moses v. Loomis,* 156 Ill. 392. In that case, there was an express stipulation that no repairs should be made without the written consent of the landlord. The evidence tended to show that the lessees had asked the landlord to put in certain stairs; that he objected to going to that expense, but told the lessees they might do it, and that thereupon they made the necessary hole in the floor and put in the stairs. The court held that while the landlord had the right under the lease to insist upon a forfeiture for a violation of the terms in regard to alterations, his conduct estopped him from availing himself of the forfeiture. We are of the opinion, however, that the case at bar does not come within the principle thus laid down. It is one thing for the court to say that where the express permission of the landlord has led the tenant to do an act forbidden by the terms of the lease the former is estopped from insisting that the act which his own conduct has induced, may be relied upon as a forfeiture, but it is quite another thing to say that, where the landlord has given the tenant permission to do something not authorized by the terms of the lease, the tenant thereby becomes invested with the right to do, and to continue doing, the forbidden act. To lay down the latter proposition would be to destroy in a large measure the efficacy of the one substantive rule of law which tends to preserve definiteness and certainty in commercial and real estate transactions. If the parties to a lease cannot, by the use of explicit language, put a restriction upon the use of property, which cannot be waived by parol, then the

D. A. Schulte, Inc. v. Eiger et al., 206 Ill. App. 59.

terms of such a lease must always be subject to the same uncertainty as parol agreements, no matter with what solemnity they may have been executed. It may well be argued that if the defendants gave complainant parol permission to put up a sign contrary to the express prohibition of the lease, they could not thereafter rely upon its act as a ground of forfeiture, but it certainly does not follow from this that any such parol permission could invest complainant with an irrevocable right to maintain the sign during the demised term, contrary to the express prohibition. In connection with the language used in the first of the rules and regulations, it may be noted that by the first portion of the rule no sign whatever is permitted upon the outside of the premises, while by the second sentence in the rule it is stated that no sign, price mark, etc., shall be displayed behind the windows, "except such as are specifically, in writing, approved by the lessors." The parties, by this language, have shown that the matter of signs upon the exterior and even upon the interior of the building is one of importance to the defendants, and they have, by as strong language as could be used, made it certain that no sign of any kind should be used, even on the interior of a window, without the express approval of the defendants in writing. We are of the opinion that even if all the allegations of complainant's bill are true, nevertheless, it was, in the absence of any written modification of the terms of the lease, without any right to maintain a sign on the exterior of the premises in question, and that, in consequence, the order for the temporary injunction was erroneous. The order of the Circuit Court for a temporary injunction is, therefore, reversed.

*Order reversed.*