(No. 15382.—Judgment affirmed.)
ANGELO VINTALORO, Defendant in Error, *vs.* TOM PAPPAS *et al.* Plaintiffs in Error.

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. APPEALS AND ERRORS—*when objection to oral instructions can not be urged.*  If no objection is made to oral instructions to the jury by the judge in a forcible entry and detainer proceeding in the municipal court of Chicago the instructions cannot be objected to in the Supreme Court.

2. LANDLORD AND TENANT—*general rule as to the receipt of rent after breach being a waiver.*  The receipt by the lessor of rent accruing subsequent to a breach of the conditions of the lease, with knowledge of the fact, is a waiver of the right to declare a forfeiture for such breach, except where the rule is qualified by the language of the lease or the special circumstances of the case.

3. SAME—*rule where there is a continuing cause of forfeiture.*  Where there is a continuing cause of forfeiture, the acceptance of rent after the breach incurring the forfeiture was originally committed does not preclude the lessor from insisting upon a forfeiture if the breach continues after acceptance of rent.

4. SAME—*lease may provide that acceptance of rent pending a suit for possession shall not waive breach.*  There is no legal objection to a provision in a lease that the acceptance by the lessor of the amount of the rent each month during the pendency of a suit for possession shall not be a waiver of the right of forfeiture upon which the suit is based nor affect the notice of the suit or the judgment.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. THOMAS A. GRAHAM, Judge, presiding.

MAX C. LISS, and HAYDEN N. BELL, (THOMAS D. MASTERS, of counsel,) for plaintiffs in error.

ERNEST C. RENIFF, and DANIEL WEBSTER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment of the municipal court of Chicago in favor of Angelo Vintaloro and against Tom Pappas and others for the possession of certain premises in an action of forcible entry and detainer, and a writ of *certiorari* was allowed to bring the record here for review.

Vintaloro, the defendant in error, leased the premises to James Condiss and Chris Domas from May 1, 1919, to April 30, 1927, the rent to be paid monthly in advance. The lease contained a covenant that "no piano playing, singing or any other form of amusement shall be kept and maintained in said premises without permission from the lessor first had and obtained in writing." The lessees, with the written consent of the lessor, assigned the lease in July, 1919, to the plaintiffs in error, who immediately went into possession. They immediately began to maintain a large electrical piano, which played at night until eleven o'clock and after. This continued until some time in May, 1920. The rent was paid regularly as it became due on the first day of each month, and was received by the defendant in error with full knowledge that the covenant in regard to piano playing was constantly being violated. Occasionally he would protest against the playing and it would be stopped for a day or two and then begin again. He received the

rent for May, 1920, and as the piano playing did not cease, the defendant in error a few days later served on the plaintiffs in error notice of his election to terminate the lease on account of the breach of the covenant and a demand of possession. Later the complaint in this action of forcible entry and detainer was filed.

No question is made as to the breach of the covenant, the sufficiency of the notice and of the service of it. No objection to evidence received or rejected has been argued. The judge instructed the jury orally, no objections were made to the instructions and they cannot now be objected to. (*Pecararo* v. *Halberg,* 246 Ill. 95.) The plaintiffs in error, however, at the close of the defendant in error's evidence moved for a directed verdict in their favor on the ground that the defendant in error's receipt of rent was a waiver of the forfeiture for the breach of the covenant. The only question presented, therefore, is whether the receipt of the rent was such waiver.

There is no doubt of the general rule of law that the receipt of rent by the lessor accruing subsequent to a breach of the conditions of the lease, with knowledge of the fact, is the waiver of a forfeiture for such breach. It is so declared in Taylor on Landlord and Tenant (sec. 497) and recognized in the decisions of this court. (*Watson* v. *Fletcher,* 49 Ill. 498; *Webster* v. *Nichols,* 104 id. 160; *Williams* v. *Vanderbilt,* 145 id. 238; *Hopkins* v. *Levandowski,* 250 id. 372; *Goldberg* v. *Pearl,* 306 id. 436.) The doctrine is of practically universal acceptance, except where qualifications arise out of the language of the lease or circumstances of the case. For instance, in *Palmer* v. *City Livery Co.* 98 Wis. 33, (an action for possession based on a breach of covenant in a lease,) the lessee gave an appeal bond conditioned for the payment of rent during the pendency of the appeal, and it was held that the acceptance of rent during the appeal did not waive the forfeiture. It was likewise held in the similar case of *Granite Building Corpo-*

*ration* v. *Greene,* 25 R. I. 586. When there is a continuing cause of forfeiture, the acceptance of rent after the breach incurring the forfeiture was originally committed will not preclude the lessor from insisting upon the forfeiture if the breach continue after the acceptance of the rent. The waiver is only of breaches occurring before the receipt of rent and does not authorize a continued breach. (Taylor on Landlord and Tenant, sec. 500.) The plaintiffs in error violated the covenant from the beginning. The defendant in error repeatedly objected to the violation but collected the rent each month. Each month he therefore waived all prior breaches, and in May, 1920, he precluded himself from insisting upon a forfeiture for any previous breach. After such waiver there is evidence tending to show, and the verdict indicates that the jury found, there was piano playing in violation of the covenant. The defendant in error, as he had a right to do, exercised his election to declare the lease determined for this breach by serving notice and a demand of possession. Afterward he received the rent monthly until the trial of the case a year later, and it is insisted that by the acceptance of these payments he waived the forfeiture which he had declared. This would be true but for the following provision which appears in the lease: "It is further agreed by the parties hereto that after the service of notice or the commencement of a suit, or after final judgment for the possession of said premises, the lessor may receive and collect rent due, and the payment of rent shall not waive or affect said notice of suit or judgment." The purpose and effect of this clause is to preserve to the lessor the right to accept payment for the use of the premises at the times and in the amount fixed in the lease during such time as he may be kept out of possession by the lessees holding over after the determination of the lease by forfeiture without waiving the breach causing the forfeiture. The word "rent" is not accurately used, for it implies the relation of landlord and tenant. The manifest in-

tention, however, is that the lessor may accept payment of the amount stipulated in the lease as rent, at the times fixed in the lease, as compensation for the use and occupation of the premises, after the forfeiture of the term and after notice given to the lessees, without waiver of the forfeiture and of the right to proceed to recover the possession. The lessor is not required to accept the rent as such compensation, but if he does accept it he does not, in view of the provision in question, waive the forfeiture. Such an agreement is subject to no legal objection which will prevent its enforcement.

The judgment is affirmed.                  *Judgment affirmed.*

---

(No. 15392.—Reversed and remanded.)
THE ADAMS & PIGOTT COMPANY, Plaintiff in Error, *vs.*
HARRY I. ALLEN, Defendant in Error.

*Opinion filed October 20, 1923—Rehearing denied Dec. 6, 1923.*

1. JURISDICTION—*effect of Municipal Court act on jurisdiction of Cook county justices of the peace.* The act creating the municipal court of Chicago has the effect to limit the jurisdiction of justices of the peace in Cook county to the territory of the county outside of the city of Chicago.