Louis J. Gaskins et al., Appellees, v. Bogdan Ristich and Elizabeth Gobel Ristich, Appellants.

Term No. 49014.

Opinion filed January 19, 1950. Released for publication February 20, 1950.

RUMSEY & DENNIS, of Harrisburg, for appellants.

LLOYD H. MELTON, of Harrisburg, and D. L. DUTY, of Marion, for appellees; J. C. MITCHELL and GORDON FRANKLIN, both of Marion, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Under date of November 1, 1945, the plaintiffs, Louis J. Gaskins, and others, leased certain premises to James Vardas. Under date of March 26, 1946, James Vardas assigned his rights as lessee to the de-

fendant, Bogdan Ristich. Thereafter the defendant regularly and continuously paid the stipulated rental in accordance with the terms of the lease and the plaintiffs admit receipt thereof.

On or about February 1, 1948, the plaintiffs served a 10-day notice upon said defendant and his wife, which notice is in the form prescribed by sec. 9 of ch. 80, "Landlord and Tenant," Ill. Rev. Stat. [Jones Ill. Stats. Ann. 72.09]. Therein the plaintiffs declared their election to determine the lease because of defaults enumerated, which were that the premises had been sublet by James Vardas contrary to the provisions of the lease, and that the sublessees failed to furnish water, electricity and heat for an apartment in the building as required by the lease. On May 22, 1948, plaintiffs filed suit in forcible entry and detainer to cause the eviction of the defendant and his wife from the premises. The circuit court of Saline county entered an eviction judgment in favor of the plaintiffs, and the defendants appealed.

There is a conflict in the evidence regarding the nature of various breaches of the terms of the lease, but in our opinion there was sufficient evidence to justify the trial court in finding that there had been such breaches.

However, in view of the fact as above noted that the rentals have been paid regularly, and accepted, we are of the opinion that all of the violations of conditions in the lease have been waived.

 An assignment of a lease contrary to its terms is not a continuing cause of forfeiture. The prohibition of an assignment is for the benefit of the lessor only and does not render an assignment void, but only voidable at the lessor's option, if exercised before the acceptance of rental from the assignee. *Waukegan Times Theater Corp. v. Conrad,* 324 Ill. App. 622; *Johnson v. Hotel Lawrence Corp.,* 337

495

Ill. 345. Here the landlord collected rent from the assignee for more than two years.

■■ The briefs filed herein contain argument concerning the necessity of a forfeiture clause in the lease, and on the question whether the terms of the lease constituted covenants or conditions. This argument is not pertinent to the issues, for the proceedings were taken under the Landlord and Tenant Act, which gives the remedy for breach of the terms of the lease, regardless of whether the lease contained a clause of re-entry. *Chadwick v. Parker,* 44 Ill. 326. In effect the section of the statute is a part of the lease as though written therein. *Drew v. Mosbarger,* 104 Ill. App. 635.

■■ Plaintiffs argue that the acceptance of rental accruing subsequent to a breach of a continuing condition waives past breaches only and does not waive the option to forfeit the lease for a future breach of the same condition. The rule as stated is correct, but has no application to the facts here, for, the rent having been paid up to the time of the filing of suit, all breaches relied upon had occurred prior to the last payment of rent. In fact, the evidence was confined to breaches during the years 1946 and 1947, with a possible inference that there may have been a breach in February of 1948. This is the last date mentioned in plaintiff's evidence, and all of those breaches would be waived by the acceptance of rent on March 1. There is no evidence indicating the breach of any condition or term of the lease after March 1, 1948. Therefore, all the breaches in the evidence have been waived. *Arado v. Maharis,* 232 Ill. App. 282; *Goldberg v. Pearl,* 306 Ill. 436; *Vintaloro v. Pappas,* 310 Ill. 115. The last cited case did not apply the rule because the lease contained an express provision that a breach was not waived by subsequent acceptance of rent. The court construed the clause to be an agreement to pay for use

and occupancy after breach. There is no such provision in the lease before us.

For the reasons given the plaintiffs failed to establish grounds for terminating the lease at the time of the suit, and the judgment of eviction should not have been entered. The judgment is accordingly reversed and the cause remanded with directions to dismiss the suit at plaintiffs' cost.

*Reversed and remanded.*

BARDENS, P. J., and CULBERTSON, J., concur.