**Mary Garbaczewski, Appellant, v. George Vanucci and Edward Vanucci, Appellees.**

**Gen. No. 45,132.**

Opinion filed November 29, 1950. Released for publication February 23, 1951.

SIDNEY D. MISSNER, of Chicago, for appellant.

JOHN J. KELLY, JR., of Chicago, for appellees.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff brought an action in forcible detainer to recover possession of a store occupied by defendants under the terms of a written lease, on the ground that defendants failed to pay past due rent after demand in writing. Trial by the court without a jury resulted in a finding and judgment in favor of defendants. Plaintiff appeals.

The premises here in controversy were leased by defendants from plaintiff for use as a restaurant for a period of three years commencing October 1, 1949, at a monthly rental of $85 payable on the first of each and every month. Defendants paid plaintiff rental for the months of November and December 1949 and January 1950. No rent was paid for the month of October 1949. January 16, 1950, defendants received a written notice from plaintiff demanding the October rent within a period of five days. February 2, 1950, defendants tendered a check to plaintiff for the sum due, which was refused, and again at the trial defendants' counsel tendered in open court the sum of $85.

Plaintiff seeks to forfeit the lease because of defendants' failure to pay rent for the month of October 1949, as provided by the terms of the lease.

██ The principal question presented is whether plaintiff's acceptance of rent accruing after the cause of forfeiture relied on is a waiver of the breach of the covenant. The rule seems to be well established that the receipt by the lessor of rent accruing subsequent to a breach of the conditions of the lease, with knowledge of the fact, is a waiver of a forfeiture for such breach. (*Vintaloro v. Pappas,* 310 Ill. 115; *Famous Permanent Wave Shops, Inc. v. Smith,* 302 Ill. App. 178.) In the instant case it is not disputed that plaintiff knew the October rent was not paid when he accepted rent accruing thereafter. No case has been called to our attention in which this precise question has been determined in the courts of review in Illinois. In *Stover v. Hazelbaker,* 42 Neb. 393, 60 N. W. 597, the court held that acceptance by a landlord of successive instalments of rent which fell due after a forfeiture had been declared for nonpayment of a single instalment of rent was a waiver of the breach complained of. To the same effect see *Hartford Wheel Club v. Travelers' Ins. Co.,* 78 Conn. 355, 62 Atl. 207; *Hukill v. Myers,* 36 W. Va. 639, 15 S. E. 151, 109 A. L. R. 1269.

██ The general rule is that any ground of forfeiture once waived cannot be revived. *Sheldon v. Dunbar,* 200 Ill. 490; *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.

In the present case upon the occurrence of the cause of forfeiture plaintiff did not elect to declare the lease at an end but affirmed it by accepting rent for three successive months thereafter. See *Waukegan Times Theatre Corp. v. Conrad,* 324 Ill. App. 622.

██ Forfeitures are not favored in law and the courts readily seize hold of any circumstances that indicate an intent to waive a forfeiture. (*Fitzu v. Levin,* 339 Ill. App. 391; *Famous Permanent Wave Shops, Inc. v. Smith,* 302 Ill. App. 178.)

369

In support of her position plaintiff relies on *Woods v. Soucy,* 166 Ill. 407, and the recent case of *Juhasz v. Haisan,* 337 Ill. App. 387. An examination of the cases last cited discloses that in neither of them was the question of waiver of the forfeiture determined.

In the instant case no valid reason has been suggested why the doctrine laid down in the case of *Vintaloro v. Pappas,* 310 Ill. 115, is not applicable here where nonpayment of rent is the alleged cause of forfeiture.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

BURKE, P. J., and KILEY, J., concur.