Thomas L. Perry and Arelisle Perry, Plaintiffs-Appellants, v. Floyd Waddelow, Defendant-Appellee.

Gen. No. 9,858.

Opinion filed October 26, 1953.
Released for publication November 12, 1953.

W. C. Noel, of Urbana and Rantoul, for appellants.

Reno & O'Byrne, of Champaign, for appellee.

Mr. Justice Carroll delivered the opinion of the court.

Plaintiffs, Thomas L. Perry and Arelisle Perry, brought a forcible entry and detainer action against the defendant, Floyd Waddelow, in the circuit court of Champaign county, to recover possession of certain premises situated in the City of Champaign. The complaint filed November 28, 1950, alleges that on November 13, 1945, the plaintiffs and defendant entered into a lease whereby plaintiffs leased to defendant the premises located at 340 N. Hickory Street and extending back to Fremont Street as far as necessary for the construction of an additional room provided that any building so constructed shall not approach closer than thirty feet to Fremont Street or closer than three feet from the existing buildings on the south; that subsequent to the execution of said lease, the defendant constructed a structure on the leased premises closer than thirty feet to Fremont Street; and that subsequent to the execution of said lease, the defendant made entry onto certain vacant or unoccupied lands or tenements belonging to the plaintiffs and located at the rear of the leased premises and wrongfully retains possession thereof. The complaint further alleges the service of a demand for possession upon defendant and the fail-

358

ure and refusal of the defendant to surrender possession of the premises.

The defendant's answer admits construction of a structure on the rear thirty feet of the leased premises, extending approximately to Fremont Street, but denies that said construction was a violation of the terms of the lease. The answer denies the defendant's entry onto vacant or unoccupied lands of the plaintiffs and alleges that in the year 1945, with the consent of the plaintiffs, the defendant constructed a concrete slab twelve feet wide on the rear thirty feet of the leased premises, which said slab has been used by the defendant in the operation of his business, with the knowledge and consent of the plaintiffs.

Three special defenses are set up in the answer, which are in substance: (1) That the conduct of the defendant did not constitute a breach of the lease; (2) That plaintiffs are estopped from maintaining their action by reason of their having consented to the construction of the building on the rear thirty feet of the leased premises; and (3) That plaintiffs knew in December of 1948 that the building had been constructed on the rear thirty feet of the leased premises; that one of the plaintiffs was in said building in December 1948, March 1949, and in December 1949; that on none of said dates did plaintiffs make any objection to the defendant concerning the construction of said building; that plaintiffs have accepted payment from the defendant of the rent provided in the lease on the 1st day of each month since the execution of the lease, and that plaintiffs made no objection to the construction of the said building until January 9th, 1950.

Motion to strike these special defenses was denied and a reply thereto filed.

The issues were tried by the court without a jury, resulting in a finding and judgment thereon in favor

359

of the defendant and in bar of plaintiffs' action. From this judgment, plaintiffs have brought this appeal.

The plaintiffs assign numerous errors as a basis for reversal of the judgment of the trial court. Without reciting the same in full, it may be said that in general they urge: (1) That the findings by the trial court that the defendant and his wife were not copartners, and that all of the property from Hickory to Fremont Streets was included in the lease, are against the manifest weight of the evidence; (2) That the trial court erred in denying plaintiffs' motion to dismiss the action; (3) That the trial court erred in not holding the construction on the rear thirty feet of the premises to be a continuing breach and in not entering judgment for the plaintiffs for the said rear thirty feet; (4) That the court erred in refusing to enter judgment for the plaintiffs for the entire tract, and further erred in its rulings on the admissibility of certain exhibits.

At the close of the evidence, plaintiffs moved for leave to amend their complaint by adding thereto certain allegations to the effect that the defendant and his wife, Donna Waddelow, subsequent to the execution of the lease, formed a partnership and that the creating of such partnership worked an assignment of the lease in violation of the terms therein. The trial court denied this motion, and made a finding that the defendant and his wife were not copartners. The correctness of such finding depends upon whether it is supported by the preponderance of the evidence upon the issue involved. An examination of such evidence convinces this court that it was ample to sustain the trial court's finding.

Plaintiffs contend that there was no evidence to support the finding of the trial court that the leased premises included all of the real estate from Hickory Street to Fremont Street. It is argued that the language used in describing the premises in the lease (plaintiffs' Ex-

hibit 1), plainly indicated an intention that the east thirty feet of the tract in question should be excluded. It is defendant's contention that the leased premises included all of the tract extending back to Fremont Street and the provision that any building constructed should not approach closer than thirty feet to Fremont Street related only to the size of any building which might be added, and did not in any way limit the defendant's occupancy of the land back to Fremont Street.

██ It seems apparent that the lease is ambiguous insofar as the description of the leased premises is concerned. This is particularly true in view of the clause in the lease, reading as follows: "First party hereby consents to second party erecting any building on the rear of said lot, and second party is to pay any property tax assessed on building so erected on said premises by him." If it be contended that in another portion of the lease the parties indicated an intention to exclude the rear thirty feet of the premises in question, the above quoted language must be considered as being repugnant to and in conflict therewith. In such situation, the true intention of the parties must be gained not only from a consideration of the language employed, but a court may also look to the acts of the parties which indicate their interpretation of the meaning of the written contract. *Street v. Chicago Wharfing & Storage Co.*, 157 Ill. 605.

There was evidence before the trial court that in 1946 the defendant constructed a concrete slab on the area in dispute extending to Fremont Street; that in October 1948, defendant began construction of the building which is referred to as the second addition; that plaintiffs had knowledge of this construction but made no objection thereto; and that plaintiffs accepted rent from the defendant each month from January 1949 through October 1950. There was also introduced

in evidence a letter dated January 9, 1950 (defendant's Exhibit 2) in which plaintiffs admit knowledge of the construction of the second addition at Christmastime in 1948. It further appears from the evidence that on December 29, 1949 (defendant's Exhibit 1) plaintiffs requested defendant to increase his rent.

Plaintiffs further contend that the construction of the second addition by the defendant constituted a continuing breach of the lease which was not waived, and that therefore the trial court should have entered judgment for the plaintiffs for the entire tract. If such contention were to prevail, it would have necessitated a finding by the trial court that each day the building stood on the rear thirty feet of the lot, a breach of the restrictive covenant occurred. The complaint charged but the one violation of the restrictions imposed by the lease, namely that the defendant constructed a building on the leased premises closer than thirty feet to Fremont Street. No issue as to a continuing or recurring breach was raised by the pleadings. The only issue which the trial court was called upon to decide was whether the plaintiffs, by their conduct, subsequent to the alleged breach, waived their right to declare a forfeiture.

The undisputed evidence is that the plaintiffs accepted rent from the defendant each month from December 1948, at which time the plaintiffs admit knowledge of the completion of the addition, until October 1950.

It is a well known legal principle that the courts do not favor forfeitures, and circumstances indicating an intention to waive the same will be readily adopted by them. *Waukegan Times Theatre Corp. v. Conrad*, 324 Ill. App. 622. Acceptance of the monthly rent payments from the defendants in the situation presented by the facts in the instant case must be held

to have constituted a waiver by plaintiffs of their right to declare a forfeiture of the lease by reason of the alleged breach. *Moses v. Loomis,* 156 Ill. 392; *Webster v. Nichols,* 104 Ill. 160; *Gaskins v. Ristich,* 339 Ill. App. 493.

Plaintiffs cite numerous authorities in support of their position that the forfeiture was not waived in the instant case, among them being *Vintaloro v. Pappas,* 310 Ill. 115; *Arado v. Maharis,* 232 Ill. App. 282; *Goldberg v. Pearl,* 306 Ill. 436. An examination of these cases indicates that they would seem to support, rather than oppose, the contention of the defendant, since the facts involved in each instance represented recurring separate acts of a tenant constituting a continuing breach.

There remains for consideration the further argument of plaintiffs that the trial court committed reversible error in refusing to permit plaintiffs to dismiss their action without prejudice at the conclusion of the evidence. This contention is apparently based upon section 17 of the Forcible Entry and Detainer Act, chapter 57, Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 109.278], which reads as follows: "**Dismissal as to part—Judgment as to part.**] § 17. The plaintiff may at any time dismiss his suit as to any one or more of the defendants, and the jury or court may find any one or more of the defendants guilty, and the others not guilty, and the court shall thereupon render judgment according to such finding."

It is plaintiffs' view that said section 17 of the Forcible Entry and Detainer Act left no discretion with the trial court in passing upon said motion, and that its allowance by the court was mandatory.

Plaintiffs' argument, however, overlooks the fact that said section 17 does not refer to the dismissal of a plaintiff's suit without prejudice, but gives a plain-

363

tiff, where there are several defendants, the right to dismiss his action as to one or more of said defendants, and authorizes the court to find any one or more of the defendants guilty and the others not guilty.

Section 11 of the Forcible Entry and Detainer Act [Ill. Rev. Stats. 1951, ch. 57, § 11; Jones Ill. Stats. Ann. 109.271] provides that the Civil Practice Act shall apply in all proceedings thereunder, except as otherwise provided therein. Under section 52 of the Civil Practice Act, chapter 110, Illinois Revised Statutes 1951 [§ 176; Jones Ill. Stats. Ann. 104.052], after trial has begun, a plaintiff may dismiss his action, without prejudice, only (1) Upon filing a stipulation signed by the defendant, or (2) On the order of the court or judge made on special motion in which the ground for dismissal shall be set forth, and which shall be supported by affidavit.

 No conflict appearing to exist between the provisions of the Forcible Entry and Detainer Act relating to voluntary dismissals, and said section 52 of the Civil Practice Act, the latter must be held to apply to the motion of plaintiffs in the instant case.

The grounds set forth in plaintiffs' motion to dismiss were that they learned subsequent to the filing of their complaint that Donna Waddelow, wife of the defendant, was a copartner in the business being operated on the premises described in the lease, and therefore was a necessary party to the action. It appears from the record that the trial of this cause began on February 15, 1951; that plaintiffs' motion to dismiss the action was not made until January 22, 1952, after a record of approximately 700 pages of testimony and exhibits had been compiled; and that plaintiffs had come into full knowledge of the facts on which the motion was grounded on the taking of depositions prior to the trial. Neither the motion nor the affidavit in support

thereof contained any facts which had not already been urged upon the court, in plaintiffs' motion to amend the complaint made at the close of the evidence.

In passing upon such motion to amend the complaint, the court necessarily considered all the evidence in the record pertaining to the existence of a partnership between the defendant and his wife, and determined that it did not tend to support plaintiffs' contention. Thus it appears that the court's ruling on the motion to dismiss was but a reaffirmance of its previous finding that the plaintiff and his wife were not copartners.

██ ██ Section 52 of the Civil Practice Act was obviously enacted to cover situations such as that presented by the motion of plaintiffs to dismiss their suit without prejudice after the case had been heard by the court, and before its submission for final decision. *Chicago Title & Trust Co. v. County of Cook,* 279 Ill. App. 462. The question as to whether the ground for dismissal as set forth in plaintiffs' motion in this case was sufficient must be determined from the motion and its supporting affidavit. Since plaintiffs' motion failed to advance any reason indicating that their rights would be prejudiced by the denial thereof, the ruling of the trial court thereon must be held to have been correct.

██ Plaintiffs further urge error on the part of the trial court in refusing to admit plaintiffs' Exhibit 9 into evidence. This exhibit is an agreement between plaintiffs and Sears Roebuck & Co. dated April 13, 1951, and was offered to show the modification of an existing lease between the parties thereto (plaintiffs' Exhibit 4), to exclude the premises in question, and thus prove the right of possession in the plaintiffs. For the purpose offered, the exhibit was incompetent.

 Defendant's Exhibits 27 to 33, which were admitted into evidence over plaintiffs' objection, were

income tax returns, insurance policies, and a certificate of ownership of the business of the defendant. These were offered as evidence tending to disprove plaintiffs' claim that the defendant and his wife were copartners. Their admission into evidence is challenged on the ground that the exhibits were self-serving in character. While this court believes no error was committed in allowing admission of these exhibits into evidence, nevertheless it should be pointed out that in a case where the trial is by the court, a reviewing court will not reverse because of error in the admission of evidence, but will determine whether there is enough competent evidence to sustain the judgment. *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61; *Agnell v. Illinois Bell Tel. Co.,* 348 Ill. App. 503.

Upon reviewing the entire record in this case, and having given due consideration to all of the points relied upon by the plaintiffs for reversal of the judgment, this court concludes that the circuit court of Champaign county correctly decided the issues in the case in favor of the defendant, and its judgment should be and is affirmed.

*Judgment affirmed.*