**Thomas L. PERRY and Arlisle Perry, Plaintiffs,**

v.

**Floyd WADDELOW, Defendant.**

**Civ. A. No. 1442–D.**

United States District Court
E. D. Illinois.

Aug. 28, 1956.

W. C. Noel, Joseph M. Williamson, H. Frank Middleton, Urbana, Ill., for plaintiff.

Reno & O'Bryne, Champaign, Ill., Acton, Baldwin, Bookwalter & Meyer, Danville, Ill., for defendant.

PLATT, Chief Judge.

Plaintiffs, residents of Wisconsin, present this action for declaratory judgment. A lease was executed by the plaintiffs to the defendant, a resident of Illinois, on certain premises located in Champaign, Illinois. A controversy has arisen as to whether or not the defendant has the right to renew or extend the lease for an additional five years.

There is no dispute as to the facts. Plaintiffs brought an action for forcible entry and detainer in the Circuit Court of Champaign County, Illinois, alleging a breach of a term or condition of the lease. That court decided in favor of the defendant. Plaintiffs perfected an appeal to the Appellate Court and the lower court was affirmed. The Appellate Court held:

"Acceptance of the monthly rent payments from the defendants in the situation presented by the facts in the instant case must be held to have constituted a waiver by the plaintiffs of their right to declare a forfeiture of the lease by reason of the alleged breach. Moses v. Loomis, 156 Ill. 392, 40 N.E. 952; Webster v. Nichols, 104 Ill. 160; Gaskins v. Ristich, 339 Ill.App. 493, 90 N.E.2d 232."

Perry v. Waddelow, 351 Ill.App. 356, 362, 115 N.E.2d 348, 351.

The lease contained the following clause:

"First party hereby grant second partion option to lease for an additional 5 years on the same terms."

The defendant gave notice of renewal in March, 1956. The parties have stipulated:

"That the conditions under which the Defendant Floyd Waddelow has occupied the premises leased to him by the Plaintiffs, Thomas L. Perry and Arlisle Perry, have not changed since the date of the filing of the original action in forcible entry and detainer in the Circuit Court of Champaign County, Illinois."

The defendant has filed a motion for summary judgment supported by affidavit setting forth the above facts. The sole question of law to be determined as stated by the plaintiffs is:

"[I]f the lessor has waived a cause for forfeiture of the original lease by acceptance of rent, is he then estopped from asserting the original breach as a cause for refusing to grant an option to renew."

The general rule applied to contracts is that any ground for forfeiture once waived cannot be revived. Garbaczewski v. Vanucci, 342 Ill.App. 367, 96 N.E.2d 653; Elmore Real Estate Imp. Co. v. Olson, 332 Ill.App. 475, 76 N.E.2d 204. (Transferred 392 Ill. 46, 63 N.E.2d 764.) A lease is a contract between the landlord and the tenant. Union Guardian Trust Co. v. Colwood Co., 6 Cir., 111 F.2d 671.

Since a lease is a contract, the same principle of law is applicable. The waiver of the right to declare a forfeiture of a lease by a breach is irrevocable and cannot be revived. In Moses v. Loomis, 156 Ill. 392, 395, 40 N.E. 952, 953; the court said:

"[W]here a lease contains a condition of forfeiture in case the tenant underlets the premises without the written consent of the lessor, if, after such condition is broken, the

lessor does any act which is clearly inconsistent with his reliance upon it, such as the acceptance of rent with full knowledge of all the facts, such conduct amounts to a waiver of the condition, so as to *preclude the lessor from afterwards availing* himself of the forfeiture." (Emphasis supplied.)

Quoted in Palmer v. Meriden Brittannia Co., 188 Ill. 508, 521, 59 N.E. 247.

 This lease contained a provision as a part of the contract that the lessee, at his option, could lease the premises for an additional five years on the same terms. The plaintiffs contend that the additional five years will not be on the same terms. The effect of the waiver was to cancel the condition which had been breached, and this condition could not be revived for the full term of the grant. Becker v. Morstadt, 381 Ill. 422, 427, 45 N.E.2d 643. The waiver of the breach does not change or modify the terms of the original agreement or lease. Becker v. Becker, 250 Ill. 117, 125, 95 N. E. 70. Inasmuch as the lessee exercised the option, he would occupy the premises for the additional five years on the same terms as provided in the original lease. In other words:

"The right to renew or extend a lease is not affected by the nonperformance of covenants or conditions in the lease where the circumstances show that the lessor has waived performance of the covenants or the conditions, or a breach thereof." 172 A.L.R. 1440, Cf.

In the instant case the covenants or conditions of the lease were waived and the court so held in Perry v. Waddelow, supra. The defendant is entitled to the additional five years as provided in the lease.

Plaintiffs have cited several cases which require compliance with certain conditions before a renewal or extension of the lease. These cases are not analogous to the instant case where the grant of the right to renew or extend on the

same terms is unequivocal. See Saxeney v. Panis, 239 Mass. 207, 131 N.E. 331.

The defendant's motion for summary judgment must be granted. Final order may be submitted.

Dated at Danville, Illinois, this 28th day of August, 1956.