**In re Sylvester GANT, Debtor.**

**Bankruptcy No. 96 B 14756.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 21, 1996.

Scott E. Turner, Office of the General Counsel, Chicago Housing Authority, Chicago, IL, for Chicago Housing Authority.

Larry D. Wood, Legal Assistance Foundation of Chicago, Chicago, IL, for Sylvester Gant, Debtor.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of the Chicago Housing Authority ("CHA") pursuant to Federal Rule of Civil Procedure 59(e), incorporated by reference in Federal Rule of Bankruptcy Procedure 9023, to alter or amend the judgment order entered by the Court on October 7, 1996, which denied CHA's motion to modify the automatic stay. For the reasons set forth below, the Court denies the instant motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II. APPLICABLE STANDARDS

Effective December 1, 1995, Rule 59(e) was amended to require that "[a]ny motion to alter or amend a judgment shall be *filed* no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e) (emphasis supplied). CHA's motion was timely filed on October 15, 1996, within ten days after the order was entered. Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986); *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995). Moreover, the purpose of a motion to alter or amend "is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.),* 125 B.R. 963, 977 (Bankr.N.D.Ill.1990) (citations omitted). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals,* 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995).

## III. DISCUSSION

CHA's motion relates to an earlier order and Opinion of the Court which details

the relevant facts and background. *See In re Gant,* 201 B.R. 216 (Bankr.N.D.Ill.1996). CHA contends that the Court erred in finding that it had waived the benefit of its termination notice by subsequently accepting a tendered rent payment from the Debtor, Sylvester Gant ("Gant"), on February 12, 1996 in the form of a money order for $125.00. CHA maintains that the $125.00 money order it accepted was partial payment for the past due rent it demanded in the notice, not current rent. CHA argues it could properly accept past due rent under § 9–209 of the Illinois Forcible Entry and Detainer Act without prejudice to its pending state court action seeking possession of the demised premises from Gant. Section 9–209 provides in relevant part:

> Collection by the landlord of past rent due after the filing of a suit for possession or ejectment pursuant to failure of the tenant to pay the rent demanded in the notice shall not invalidate the suit.

735 ILCS 5/9–209.

CHA concedes, however, that acceptance of rent which accrued subsequent to Gant's failure to pay the amount demanded in the notice would invalidate its suit for nonpayment of rent under *Midland Management Co. v. Helgason,* 158 Ill.2d 98, 102, 196 Ill. Dec. 671, 674, 630 N.E.2d 836, 839 (1994).

CHA had previously received a $630.00 money order from Gant on February 1, 1996, after it had filed suit seeking possession of the subject premises on January 26, 1996. *See* Amended Affidavit of Ray Smith, ¶ 4. That sum was returned to Gant on February 7, 1996, after CHA rejected it because the fourteen day grace period under the notice had expired, the amount tendered exceeded the $515.50 demanded in the notice, and CHA's Tenant Accounting Department was aware that legal proceedings were commenced against Gant. *Id.*

Gant failed to respond to CHA's motion within the time allotted by the Court. The Court has reviewed the record in this matter to properly determine whether CHA's motion should be granted. Among the papers previously submitted by Gant in opposition to the stay relief were Gant's affidavits. In his September 4, 1996 affidavit, Gant made the following statements: he admitted the delinquency in his monthly rent of $115.00 for the last quarter of 1995 (¶ 6); he acknowledged receipt of CHA's notice in December 1995 demanding $515.50 in back rent which he was unable to pay within the fourteen days after receipt of the notice (¶ 7); he further stated that he purchased and mailed the $630.00 money order to CHA on January 17, 1996, "in full satisfaction of all the rent I owed at that point...." (¶ 8); and he acknowledged the return of the money order to him by CHA's building manager on February 7, 1996 (¶ 9). In an earlier affidavit executed on April 2, 1996, furnished the Court as part of the record in the state court action, Gant averred the following: the $630.00 money order was tendered to CHA to cover the delinquent past due rent demanded in the notice, plus his January 1996 rent (¶ 6); on February 5, 1996, he mailed the second money order to CHA for $125.00, "which constituted ... February rent of $115.00 plus $10.00 for laundry tokens" (¶ 7); and the second $125.00 money order was never returned to him (¶ 10).

Gant's verified statements concerning these matters have not been rebutted by any of CHA's evidence, and serve to conclusively show that the second money order sent by Gant and kept by CHA was intended and tendered by him to cover the currently accruing February 1996 rental installment, rather than a partial payment for the delinquent rent owed for the last quarter of 1995 as CHA argues. While CHA elected to refuse the tender of Gant's first money order intended by him to cover the delinquent 1995 rent and the January 1996 period, it cryptically accepted the second tender, and thus falls squarely within the exception carved out by *Midland Management.* This is compelling evidence of an act inconsistent with CHA's intended declaration of termination of the lease proving waiver of the breach which operated to reinstate the lease. Certainly,

CHA had knowledge of Gant's breach, but by accepting the second tendered payment, which Gant tendered for February 1996 rent, it waived its right to forfeiture of the lease. *See Vintaloro v. Pappas*, 310 Ill. 115, 117, 141 N.E. 377, 378 (1923). Smith's statement in his amended affidavit that his office received 4,297 checks in January and 3,628 in February 1996, is unavailing, though perhaps serving, to explain the delay in the return of the first money order. CHA's acceptance and non-return of the tendered second money order is an act, when coupled with the return of the first tendered money order, inconsistent with its intended forfeiture of Gant's lease which, under Illinois law, was sufficient to reinstate the lease. Thus, there is no proper factual or legal ground upon which to grant CHA's motion.

## IV. *CONCLUSION*

For the reasons set forth herein, the Court hereby denies CHA's motion to alter or amend the judgment order entered by the Court on October 7, 1996.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.