## Anna Fitzu, Appellee, v. Harry L. Levin, Appellant.

## Gen. No. 44,795.

Opinion filed January 19, 1950. Rehearing denied February 21, 1950. Released for publication February 21, 1950.

JULIUS J. SCHWARTZ, LEONARD GORDON and IRVING GOODMAN, all of Chicago, for appellant.

MORRIS S. BROMBERG, of Chicago, for appellee.

391

Mr. Presiding Justice Lewe delivered the opinion of the court.

This is an action in forcible detainer to recover possession of premises known as 1000 North La Salle street, in the City of Chicago, consisting of a four-story building containing forty-four rooms, leased as a rooming house. A trial by the court without a jury resulted in a finding and judgment in favor of plaintiff. Defendant appeals.

June 27, 1946, defendant, a real estate broker, leased the premises in controversy from Mary L. Stevenson for a period commencing July 1, 1946 and ending June 30, 1952, at a monthly rental of $225. The lease provided, among other things, that the premises were to be used as a rooming house and "for no other purpose whatsoever." At the time of the execution of the lease defendant obtained permission from the lessor Stevenson to use one of the front rooms as a real estate office. Shortly after taking possession defendant remodeled a room and thereafter continued the use thereof as a real estate office. When plaintiff acquired the building on December 1, 1947, she knew that defendant was operating a real estate office in the premises and continued to accept from him monthly rental payments every month thereafter including the month of August 1948. The present suit was instituted on September 2, 1948.

During the past ten years defendant has been engaged in the vicinity of the premises in the purchase, sale and management of real estate, doing business as Real Estate Brokers Management Company. He had metal signs bearing the inscription "This building being managed by the Real Estate Brokers Management Company, 1000 North La Salle Street" which he posted on buildings under his management. He also had business cards printed bearing the name of his company and the address at 1000 North La Salle street,

which he gave to his customers and prospective purchasers.

May 12, 1948, plaintiff's attorney notified defendant in writing that he was violating the provisions of the lease "by conducting a real estate and law office on the premises" and "required strict compliance with the terms of the lease" and that "all signs of any kind, nature or description be immediately removed."

May 25, 1948, plaintiff sent another notice to defendant informing him that if he failed to comply fully by May 31, action would be taken to enforce the provisions of the lease. It is undisputed that upon receipt of these notices defendant removed all signs on the premises and other advertising matter indicating the existence of a real estate or law office.

██ Plaintiff contends that defendant cannot rely on the consent of the former owner Stevenson to operate a real estate business in the premises, on the ground that a written lease under seal cannot be modified or changed by parol agreement. As a general rule an executory contract under seal cannot be altered, changed or modified. Nevertheless contracting parties may, by parol, waive the performance of a certain covenant contained in a lease and when this is done such provision is abrogated (*Becker v. Morstadt*, 381 Ill. 422; *Fuchs v. Peterson*, 315 Ill. 370), and the plaintiff here is bound by the waiver of forfeiture by her assignor (*McConnell v. Pierce*, 210 Ill. 627).

Plaintiff says that defendant continued to operate his business after May 31, 1948, and that the first knowledge of defendant's violation came to her just before the instant suit was filed. According to the testimony of defendant after receiving notice of the alleged violation of the lease he made arrangements to conduct his real estate business in the office of one Mancou at 30 North La Salle street and notified his clients in June 1948, that he was no longer in business

at 1000 North La Salle street; and after May 31 he conducted all his real estate transactions at 30 North La Salle street. The testimony of defendant was corroborated by Mancou and Bernard Koenig a lawyer who had represented defendant in real estate transactions and matters pertaining to the operation of the rooming house. Defendant stated that after May 31 and prior to September 2, 1948, checks were being sent to him at 1000 North La Salle street but he did not solicit any customers to come to that office after May 31, 1948; that metal signs bearing the 1000 North La Salle street address had been posted on buildings a year or more before the present suit was filed; that occasionally people came to his office at 1000 North La Salle street where he conducted his rooming house business to inquire if he had any real estate listed for sale; and that there were times when he gave prospective customers an old card on which he "would scratch out the old address and write in the new"; that he left instructions with his agents in charge of the premises here involved to direct persons who called relative to real estate matters to his office at 30 North La Salle street, and that although he had instructed his tenants in other buildings which he managed to send their rental payments to 30 North La Salle street, some persisted in sending his mail to his old quarters at 1000 North La Salle street.

Forfeitures are not favored by law, and as pointed out in *Palmer v. Ford,* 70 Ill. 369, it is a harsh way of terminating contracts and not infrequently works great hardships. The party who insists upon a forfeiture must make clear proof and show he is entitled to make such declaration. To the same effect are *Craft v. Calmeyer,* 274 Ill. App. 296 and *Peacock v. Feltman,* 243 Ill. App. 236. For almost two years preceding the filing of this suit defendant conducted his real estate business in plaintiff's building with her

knowledge and consent. When requested, defendant removed all signs from the windows and engaged an office elsewhere to operate his real estate business, at a time when office space was extremely difficult to obtain. In our view the fact that he answered occasional inquiries from his patrons or strangers about real estate listings and property management, or accepted checks from tenants in other buildings when addressed to him at the premises here in question, does not, under the circumstances here shown, warrant a forfeiture of the lease. Nothing contained in this opinion is intended to bar plaintiff from instituting suit for subsequent violation of the provisions of the lease, if any. See *Barnard v. Hollingsworth,* 336 Ill. App. 228.

From a careful reading of the record we think there has been a substantial compliance with the terms of the lease in accordance with plaintiff's demands.

For the reasons stated, the judgment is reversed and the cause remanded with directions to enter judgment for the defendant and against the plaintiff.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.