**Wladzia G. Podbielniak, Plaintiff-Appellant, v. Walter J. Podbielniak, Defendant-Appellee.**

Gen. No. 48,650.

First District, First Division.

December 27, 1962.

Rehearing denied and opinion modified February 5, 1963.

Becker, Savin & Freifeld, of Chicago (B. M. Becker, Bernard Savin, and David M. Becker, of counsel), for appellant.

Robert J. Smith, and Cecil A. Caplow, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiff exercised a right to accelerate the maturity of the unpaid balance of $287,500 on an installment

contract and confessed judgment against defendant. The judgment was opened, and leave to defend was granted defendant. Plaintiff then filed an amended complaint and, with supporting affidavits, moved for summary judgment. Defendant filed counteraffidavits, and also moved to dismiss the action under section 48(1)(i) of the Civil Practice Act. The trial court vacated and set aside the judgment entered by confession, and dismissed plaintiff's action. Plaintiff appeals.

The principal question is whether plaintiff properly exercised right of acceleration of maturity of the unpaid balance of the contract.

The facts appear from the pleadings and from affidavits submitted in support of the motions. Plaintiff, Wladzia G. Podbielniak, sold to defendant, Walter J. Podbielniak, her interest in certain patents, patent applications and license agreements. By the terms of the contract of sale, dated December 23, 1959, the price of $310,000 was to be paid over a 10-year period, with an initial payment of $15,000 and monthly installments of $2500 each, "beginning on July 1, 1960 and continuing on the first day of each succeeding month until the entire debt has been paid in full."

The contract provides that if the defendant purchaser decides to sell all or any part of the major patents, or substantially all of the assets of Podbielniak, Inc., "then he shall give written notice to Seller [plaintiff] of his decision to sell, and Purchaser shall make no contract of sale without such notice to Seller. Upon receipt of such notice from Purchaser, Seller has the right, with notice of five days to Purchaser, to elect to declare matured the entire unpaid balance then owed, and in the event of such election by Seller, the entire unpaid balance shall mature forthwith and become immediately due and payable provided such sale is consummated."

453

The contract also provides that "If Seller and Purchaser agree that a prospective purchaser from Purchaser is financially responsible, and if the prospective purchaser will assume or guarantee this contract and agree to make or guarantee the payments provided for here, or if other reasonable and adequate arrangements are mutually agreed upon by Seller and Purchaser, then maturity of the unpaid balance owed under this contract shall not be accelerated, but the monthly payment shall continue to accrue pursuant to this contract."

On September 22, 1960, plaintiff received from defendant a notice dated September 21, 1960, informing plaintiff of defendant's decision to sell to Dresser Industries, Inc., all of his interest in the patents and patent applications. The notice also stated:

"It is the intention of Walter J. Podbielniak, Purchaser, to make assignments of payments to be received from Dresser Industries to cover obligations to the Seller under the Agreement of December 23, 1959, for the ten-year period stated."

On September 23, 1960, plaintiff notified defendant by letter that "the proposed sale to Dresser Industries, Inc., shall be deemed to mature immediately the full payment of the balance of the purchase price due, . . . unless . . . Dresser Industries assumes or guarantees said contract and agrees to make or guaranty the payments therein provided, or other reasonable and adequate arrangements are mutually agreed to between you [defendant] and [plaintiff]. . . . Please understand that no question is being raised as to the financial responsibility of Dresser Industries, Inc., but Paragraph 7 does require the assumption or guaranty of the obligations by Dresser Industries as the proposed purchaser."

On September 26, 1960, plaintiff requested a copy of the "Sale of Assets Agreement." This request was de-

nied by letter dated September 27, 1960. The letter reiterates defendant's contention that his proposed assignment to plaintiff, of his right to receive payments from Dresser, would greatly enhance plaintiff's position under the original agreement of December 23, 1959.

On September 27, 1960, plaintiff delivered to defendant a notice accelerating the whole unpaid balance then owing under the December 23, 1959, contract. Her notice rejected defendant's intention to assign to plaintiff money due him under his patent sale agreement with Dresser, on the ground that this would not comply with the provisions of their contract requiring a prospective purchaser to "assume or guarantee" the payments. The notice further states that "in the interval which has elapsed since September 22, 1960 no other reasonable and adequate arrangements for the payment of the contract obligation have been mutually agreed upon between the Seller and the Purchaser."

On February 24, 1961, plaintiff filed her complaint, and on February 28, 1961, judgment was entered for plaintiff, and against defendant, for the sum of $301,900, which included $14,400 as attorneys' fees for plaintiff. On April 7, 1961, the judgment was opened, and defendant was given leave to defend. Plaintiff then filed an amended complaint, which alleged defendant's breach of the provisions of the contract and sought judgment for an accelerated balance of $287,500 plus attorneys' fees.

Defendant's affidavit in support of the motion to dismiss recites that on September 21, 1960, he transmitted to plaintiff notice of his "decision" to sell to Dresser Industries; that on September 22, 1960, he sent plaintiff his check for $2500 for the monthly installment due September 23, 1960, being the date when monthly installments under the Agreement of December 23, 1959, were made and accepted by plaintiff from the initial monthly installment in July, 1960, to date;

that plaintiff, by her counsel, had stated and acknowledged by letter of September 23, 1960, that the September installment was due September 23, 1960; that on September 27, 1960, plaintiff, by her notice to defendant, stated that she had elected to accelerate maturity of the principal balance because Dresser had not assumed or guaranteed the contract and because no other reasonable and adequate arrangements had been mutually agreed upon in the interval between September 22 and September 27, 1960. The specific grounds urged for dismissal were that plaintiff's conduct, in accepting payment on September 30, 1960, of the September installment due September 23, 1960, after receipt of defendant's notice of decision to sell, dated September 21, 1960, and after her notice of election to accelerate dated September 27, 1960, vitiated her notice of acceleration, waived her rights thereto and barred her cause of action.

Defendant's supplemental affidavit shows payment to plaintiff of an additional or fourth monthly installment, a check dated June 23, 1960, which had not been credited to defendant. The record indicates that neither party was theretofore aware of this fourth payment. Defendant urged this additional affirmative matter, not appearing in the record or on the face of any of the pleadings, as further grounds for dismissal.

The record shows that in determining plaintiff's motion for summary judgment and defendant's motion to dismiss the action, the court considered the pleadings, supporting affidavits, exhibits, briefs, memoranda, and arguments of counsel, before arriving at its conclusions. On the motion for summary judgment, the court stated that because of a factual question, the court would not be warranted in entering a summary judgment on the pleadings.

As to defendant's motion to dismiss, the court considered the contention of waiver as the major point and a question of law. The court discussed the dates

of the four installment payments and the "question of the check of September 22nd, deposited by the plaintiff on September 30th, after her notice of declaration of acceleration." The court concluded that "the check of September 22nd, of necessity, would have to be for October of 1960," and stated, "I think clearly here there was a waiver of this notice to accelerate, and therefore the defendant's motion to dismiss will be sustained." The order entered July 21, 1961, denied plaintiff's motion for summary judgment, sustained defendant's motion to dismiss, vacated and set aside the judgment entered by confession, and then dismissed the cause and awarded defendant his court costs.

Defendant's theory is: (1) Courts do not favor forfeitures and will seize upon and adopt any circumstances indicating waiver; (2) Plaintiff's acceptance of monthly installments which accrued after she had elected to accelerate maturity of the principal balance was a waiver of her alleged right to accelerate; (3) Defendant committed no breach of the December 1959 agreement, and no right of acceleration accrued to plaintiff; and (4) The pleadings for and against the motion for summary judgment demonstrated the existence of material issues of fact—namely, did plaintiff afford defendant an opportunity to make other reasonable and adequate arrangements in lieu of assumption and guarantee, and, when did defendant make his decision to sell?

█ In the court below and on the present appeal, both parties have strenuously argued contrary theories as to when defendant's "decision to sell" was formed, and as to whether notice of such decision was given to plaintiff before defendant contracted to sell the patents. We find it unnecessary to isolate the exact moment of decision in the complex of negotiations, tentative agreements, and partial understandings which eventually culminated in the acquisition by Dresser of

457

Podbielniak, Inc., since the view we take of the December 23, 1959, agreement leads us to believe that plaintiff had the right to accelerate maturity of the unpaid balance whether or not proper notice of defendant's decision to sell was given.

The agreement provides that "upon receipt of such notice [of defendant's decision to sell] . . . [plaintiff] has the right, with notice of five days to [defendant], to elect to declare matured the entire unpaid balance then owed . . . ." It cannot reasonably be contended that the right to accelerate is conditional on proper written notice of defendant's decision to sell, since this would mean that defendant could defeat the acceleration clause merely by refusing to give notice, i. e., by failing to do what he has promised to do. Such a construction is its own refutation. More consistent with the tenor of the agreement is the view that the notice provision is present for the purpose of allowing the parties—after defendant's decision to sell but before a sale is accomplished—to agree upon other satisfactory arrangements. Therefore, we hold that the agreement gave plaintiff a right to accelerate upon receipt of notice of defendant's decision to sell the patents, which was set forth in defendant's letter of September 21, 1960.

 We now consider whether either of the provisions which cut off the right to accelerate are operative on the facts before us. Both parties agree that Dresser is a "financially responsible purchaser." Defendant concedes that Dresser has not "assumed or guaranteed" defendant's obligation to plaintiff. Instead, defendant argues that his tendered assignment to plaintiff of his royalties accruing from Dresser is a "practical equivalent" to assumption or guarantee and, as such, is in compliance with the alternative provision. As to this contention, the contract requires that plaintiff and defendant "mutually agree" to other

458

reasonable and adequate arrangements before the right to accelerate will be cut off. Plaintiff has rejected defendant's tender of an assignment. We are not persuaded that the assignment is the equivalent of an assumption or guarantee, or that her rejection is unreasonable or arbitrary.

Defendant argues that whether plaintiff afforded him sufficient time or opportunity to make "other reasonable and adequate arrangements," which might have been mutually agreed upon, is a question of material fact raised by the pleadings and, as such, was a proper ground for the denial of plaintiff's motion for summary judgment. It is not controverted that, at the time of her notice to accelerate, plaintiff had no knowledge of the state of negotiations between defendant and Dresser with respect to the sale of Podbielniak, Inc. Her request for a copy of the "Sale of Assets Agreement" had been refused. Other than defendant's notice of his decision to sell the patents, the only information plaintiff had was contained in the copy of the "Assignment Agreement" furnished her by defendant's attorneys, and this instrument described its effective date as "the Closing Date of the Transaction described in the Sale of Assets Agreement." Defendant explicitly refused further information in his letter of September 27, 1960, re-emphasizing his intention to assign royalties from Dresser to plaintiff.

We cannot say, on this record, that plaintiff's election to accelerate was unduly precipitate. Plaintiff's notice of acceleration on September 27, 1960, did not unreasonably foreclose discussion of other arrangements to be mutually agreed upon. In fact, plaintiff waited almost five months, until February 24, 1961, before confessing judgment. On the basis of the uncontroverted facts considered so far, it follows that plaintiff was entitled to a summary judgment on the amended complaint.

■ ■ Defendant's motion to dismiss the action was based on a theory of waiver. The general rule on which defendant relies is that "Courts do not favor forfeitures and will seize upon and adopt any circumstances indicating waiver thereof." (Perry v. Waddelow, 351 Ill App 356, 362, 115 NE2d 348 (1953); Garbaczewski v. Vanucci, 342 Ill App 367, 96 NE2d 653 (1950); Fitzu v. Levin, 339 Ill App 391, 90 NE2d 243 (1950).) While the rule correctly states the law, it is not applicable to the instant case, since no forfeiture is involved. Plaintiff is not, by way of forfeiture, seeking monies that have been paid under the contract; no estate will determine by virtue of plaintiff's election to accelerate; pursuant to a right bargained for, plaintiff is simply refusing further to extend credit. Defendant's reliance on landlord and tenant cases is misplaced, to the extent that the rule contended for suggests that any circumstances indicating waiver will be seized upon, in a case involving no elements of forfeiture.

"A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and the intention to relinquish it. [Perin v. Parker, 126 Ill 201, 206, 18 NE 747 (1888).] . . . To constitute a waiver it is essential that there is an existing right, benefit or advantage, knowledge, actual or constructive, of its existence, and an intention to relinquish it . . . ." (Ferrero v. National Council Knights & Ladies of Security, 309 Ill 476, 481, 141 NE 130 (1923).) This rule has recently been reiterated by this court: "Waiver is a question of intent, and the acceptance of rent, even after a notice to quit has been given, is not itself a waiver, but merely evidence to be considered in connection with all the circumstances." Glad-Nan Corp. v. Henry's Drive-In, Inc., 29 Ill App2d 363, 173 NE2d 521 (1961). ·

Defendant's contention is that plaintiff's acceptance on September 30, 1960, of the September 22 check for $2500, was a waiver of her right to accelerate, which had been exercised on September 27, 1960; that depositing the check is inconsistent with an intent to accelerate and is indicative of an intent to waive the right to accelerate and to abide by and benefit under the contract. This argument is premised on the assumption that the September installment accrued on September 21 or 22, due to the course of dealings of both plaintiff and defendant in accepting and remitting installments about the 21st or 22nd of each month. notwithstanding the contract provision that installment payments were to be made on the first of each month. We note here that the late payment of the September installment was not plaintiff's reason for the acceleration.

The September payment accrued, according to the terms of the contract, on September 1. Acceptance of payment on September 30, of itself, was not a waiver of the right to accelerate. It was "evidence to be considered in connection with all the circumstances." Glad-Nan Corp. v. Henry's Drive-In, Inc., 29 Ill App 2d 363, 173 NE2d 521 (1961).

In considering defendant's contention of waiver, the trial court applied the check of June 23 to payment of the first installment, which was due on July 1, and related the subsequent three payments to August, September and October, 1960. When the court stated, "Clearly here there was a waiver of this notice to accelerate," the court considered plaintiff's acceptance of the September 22 check on September 30 as the intentional relinquishment of plaintiff's previous exercise of her right of acceleration. The question of the proper application of the June 23 installment does not affect our conclusions. The acceptance on September 30 by plaintiff, of the check of September 22, can

461

be considered as evidence of waiver with other relevant circumstances. However, we do not find that this record reflects any other relevant circumstances to show an "intentional relinquishment" by plaintiff of her already exercised right of acceleration. She was accepting money admittedly due her on an obligation, and applying it in reduction of the total amount due. Defendant was not being penalized or called upon to forfeit anything. We believe from the record before us that the acceptance by plaintiff of installment payments after the right of acceleration has been exercised, standing alone, without other relevant evidence, cannot be held to indicate an intent on the part of plaintiff to waive her right to accelerate. We conclude defendant's motion to dismiss should not have been allowed.

For the reasons indicated, the order entered July 21, 1961, is hereby reversed and the matter is remanded to the trial court to ascertain the correct amount that may now be due plaintiff as the full balance of the purchase price, and to determine such attorneys' fees, if any, as may be properly due plaintiff under the contract, and to enter judgment for plaintiff for the total amount so determined.

Reversed and remanded with directions.

BURMAN, P. J. and ENGLISH, J., concur.