**Midwest Bank & Trust Co., Plaintiff-Appellee, v. David L. Server, Defendant-Appellant.**

**Gen. No. 48,923.**

First District, Third Division.

December 20, 1963.

Marvin Patrick Cohen, of Chicago, for appellant.

Cummings & Wyman, of Chicago (Stanley M. Cahn, of counsel), for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant appeals from an order which denied his motion to open a judgment confessed against him and confirmed the judgment. The cognovit was part of an instrument of guaranty signed by defendant and executed for the purpose of obtaining credit from

plaintiff bank for Pam-Deb, Inc., a corporation engaged in the business of selling new and used automobiles. Defendant and one Mel Stein each owned 50% of the stock of the corporation. The principal issue before the court is whether an oral agreement alleged to have been made between plaintiff and defendant, providing for defendant's release from the guaranty upon certain conditions which he alleges were fulfilled, constitutes a defense on the merits. For this purpose we must accept the facts as alleged by defendant.

On or about November 21, 1960, plaintiff agreed to finance through trust receipts Pam-Deb's dealings in automobiles. As additional security, both Server and Stein signed the guaranty, limited in amount to $75,000. In June 1961 Server met with Clarence Beutel, Jr., executive vice-president of plaintiff bank, to explain that he wished to terminate his relationship with Pam-Deb, Inc. Server had earlier entered into an agreement with Stein to liquidate the assets of the corporation. At the meeting Beutel refused to accept Server's tender of thirty automobiles secured by trust receipts to pay Pam-Deb's indebtedness to the bank of approximately $60,000. Beutel told Server the bank was interested in keeping Pam-Deb in business in order that it might continue to finance the automobiles Pam-Deb sold.

Beutel agreed orally that if Server would sell his shares of stock in Pam-Deb, Inc. to Mel Stein and would resign as an officer and director of the corporation and reduce the trust receipt obligations to the bank from $60,000 to $40,000 within thirty days, the bank would release him from any further obligation under the guaranty. Stein was to continue as the owner of Pam-Deb. All aspects of the oral agreement were performed by Stein and Server, and the only

reason the written guaranty was not returned to Server marked cancelled was that Stein's signature also appeared on it.

On or about August 25, 1961, the bank foreclosed on three trust receipted automobiles, and on April 5, 1962 it confessed judgment against Server and Stein for $7479.14, the amount due on the three cars plus attorney's fees. Plaintiff bank did not file a complaint in the confession of judgment proceedings, but only a statement that its claim was for $7479.14 and was based on a guaranty which was filed. Within seven days after receiving notice of the entry of judgment, defendant filed his motion in the lower court to open the judgment by confession, supported by affidavit and proposed defense, and for leave to appear and defend. Plaintiff filed what is called an answer, *attaching thereto the trust receipts.*

Defendant contends that it was improper for the trial court to admit the trust receipts because the issue on a motion to open a confession of judgment is to determine whether the defendant has presented a defense which would entitle him to a hearing on the merits. Therefore counteraffidavits could not be introduced which would put any facts in issue relating to the merits of the defense. (Rule 2, sec 23(2), Municipal Court Rules.) Plaintiff maintains that the trust receipts should be accepted and considered in connection with the motion because they are fundamental to an understanding of the relationship of the parties. They are referred to in defendant's motion to open the confession of judgment, and their authenticity is not contested by the defendant.

 Plaintiff's position with respect to the trust receipts is sound and proper. They should be considered part of the record. The bona fides of the defense can well be questioned when an objection is made to the

admission of a document which is such an integral part of the transaction.

■ Nevertheless, we are of the opinion that defendant's allegations state an oral agreement performed by him, and this, if true, presents a meritorious defense. David v. Schlitz, 415 Ill 545, 114 NE2d 691. Server alleged that he agreed to allow Pam-Deb, Inc. to remain in business and to cooperate to that end. He was in position to make this difficult, if not impossible. The bank wished Pam-Deb to continue so that consumer financing would provide it (the bank) with additional income. Defendant wanted to get out of Pam-Deb and to be relieved of his guaranty. To perpetuate Pam-Deb, Server agreed to sell his stock in the corporation to Stein and to resign as an officer and director. He had prior to that agreed with Stein to dissolve Pam-Deb and he refrained from doing so when the bank, as he contends, agreed to release him from his guaranty.

Plaintiff contends that the bank could have established Stein in an automobile agency at any time and that it did not need Server's agreement, together with other matters seeking to discredit his defense. This presents issues which cannot be determined upon a motion to open the judgment.

■ We note that plaintiff has failed to file a formal complaint in this proceeding. In confession of judgment cases it has apparently been the procedure to present the documents containing authority to confess, together with a statement of the amount claimed. Where a simple note is presented the procedure is perhaps adequate, but where the proceeding is more involved, as it is in the instant case, a complaint such as is presented in other cases should be filed.

■ Plaintiff cross-appeals from an order denying its request for additional reasonable attorney's fees,

under Sec 41, Rule 1, of the Rules of the Municipal Court. This rule is identical with Section 41 of the Civil Practice Act of Illinois (Ill Rev Stats, c 110, § 41 (1961)), which reads as follows:

> "§ 4: (Untrue Statements.) Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

In view of our conclusion that defendant has alleged facts sufficient to constitute a defense to plaintiff's demand, the trial court was within its discretion in refusing plaintiff's request for additional reasonable attorney's fees, under Rule 1, § 41 of the Municipal Court. If, after further proceedings, the court in its discretion decides to impose attorney's fees under this section, it should do so. The initial order denying additional attorney's fees to plaintiff and our affirmance does not preclude this being done on a hearing of the cause. The purpose of Section 41 of Rule 1 would be severely limited if it were otherwise. Ready v. Ready, 33 Ill App2d 145, 178 NE2d 650.

The order of the trial court is reversed and the cause is remanded with directions to open the judgment and to grant defendant leave to defend, and for such other and further proceedings as are not inconsistent with the views herein expressed. Plaintiff's cross-appeal is denied.

Order reversed and cause remanded with directions. Cross-appeal denied.

McCORMICK and DEMPSEY, JJ., concur.