**Wladzia G. Podbielniak, Plaintiff-Appellant, v. Walter J. Podbielniak, Defendant-Appellee.**

### Gen. No. 49,427.

First District, Third Division.

June 17, 1965.

Rehearing denied July 22, 1965.

Becker & Savin, and Crowley, Sprecher, Barrett & Karaba, all of Chicago, for appellant.

Crawford & Healy, John E. Toomey and Robert J. Smith, all of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from that portion of a judgment order denying the plaintiff's motion for interest and

attorneys' fees in a suit instituted as a confession of judgment. A prior appeal was decided by a Division of this Court in Podbielniak v. Podbielniak, 38 Ill App2d 451, 187 NE2d 454. The principal issues are whether plaintiff is entitled to attorneys' fees and whether the mandate issued on the prior appeal precludes the plaintiff from asserting her claim for interest.

Plaintiff sold her interest in certain patents, patent applications and license agreements to defendant Walter J. Podbielniak. By the terms of the contract of sale dated December 23, 1959, the price of $310,000 was to be paid over a ten-year period, with an initial payment of $15,000 and monthly installments thereafter of $2,500. The contract contained a provision for confession of judgment and also provided that if the defendant decided to sell his interest to a third party, he was to give written notice thereof to the plaintiff, who had the right to declare the entire unpaid balance due and payable. Defendant gave such notice, and on September 27, 1960, the plaintiff gave notice of acceleration.

A dispute arose, and on February 24, 1961, plaintiff instituted a confession of judgment proceeding, filing a complaint therein setting forth the contract containing the cognovit, and obtained judgment against defendant for $310,900, being the amount due plus $14,400 in attorneys' fees. On April 7, 1961, on defendant's petition to vacate and dismiss and plaintiff's answer thereto, the judgment was opened and defendant was given leave to defend and file his jury demand. It was further ordered that plaintiff have leave to file an amended complaint. Plaintiff filed an amended complaint which contained a number of exhibits, being letters between plaintiff and defendant, which were not a part of the original complaint. Plaintiff then moved for summary judgment and attached additional ex-

hibits, being letters and the contract of sale between the defendant and third parties. Defendant moved to dismiss plaintiff's complaint and filed counter-affidavits in opposition to plaintiff's motion for summary judgment. Plaintiff filed counteraffidavits, pointing out that defendant's pleadings and counteraffidavits were incorrect as to the date of sale of defendant's assets to the third party. Defendant thereafter filed a motion to correct his prior affidavits with respect to the date of the sale. Plaintiff filed objections. On July 21, 1961, defendant's motion to amend was allowed, plaintiff's motion for summary judgment was denied, and defendant's motion to dismiss the suit was granted.

On appeal, this court in Podbielniak v. Podbielniak, supra, held that plaintiff had the right to accelerate all payments under the contract of sale and that she had not waived that right by the acceptance of the monthly checks of $2,500 each. The mandate of the appellate court provided that the judgment order of July 21, 1961, be reversed and the cause remanded with directions "to ascertain the correct amount that may now be due plaintiff as the full balance of the purchase price, and to determine such attorneys' fees, if any, as may be properly due plaintiff under the contract, and to enter judgment for plaintiff for the total amount so determined."

On remandment a hearing was held. There was no controversy as to the principal sum due and no evidence was introduced. On July 31, 1963, the trial court entered a judgment for $212,500, the balance due on the purchase price, defendant having made the monthly payments of $2,500 during the litigation. The court denied plaintiff's claim for interest and attorneys' fees, and these are the two matters now before us.

■ The mandate of the appellate court in the prior appeal included no direction as to interest. On remand-

ment of a case by a reviewing court to the trial court with specific directions for the entry of a judgment, decree or order, the trial court is without power or discretion to do anything but obey the mandate and enter the judgment, decree or order specified. Berry v. Lewis, 27 Ill2d 61, 187 NE2d 688; Sawicki v. Clemons, 411 Ill 28, 103 NE2d 107.

While no Illinois cases have been cited and we have found none, the case of Briggs v. Pennsylvania R. Co., 334 US 304 (1948), is potent authority on that point. There, the Court of Appeals reversed a judgment for the defendant and directed the District Court to enter judgment for the plaintiff on the verdict of a jury. (153 F2d 841 (2nd Cir, 1946).) The District Court entered judgment, but included interest from the date of the jury's verdict to the date of judgment. The defendant appealed, and the Court of Appeals held that interest ran only from the time judgment was entered by the trial court after reversal, and if there was error in the mandate, the court could not grant relief after term time except in case of fraud. (164 F2d 21, (2nd Cir, 1947).)

The Supreme Court granted certiorari and affirmed the judgment of the Court of Appeals. The court said that in its earliest days it had consistently held that an inferior court had no power or authority to deviate from the mandate issued by an appellate court; that the rule had been uniformly followed; that the allowance of interest was not provided for in the mandate and hence the trial court had no power to enter judgment for an amount different from that directed. Power to act on its mandate after the term expires is reserved only to protect the integrity of the court's own processes.

■ Plaintiff argues that "the clear language of the mandate to ascertain 'the correct amount,' 'the full balance,' and 'the total amount' was not limited

361

to a judgment for the principal amount only, but gave the lower court the right and duty to determine whatever the correct amount would be and whatever the full balance would be, including interest as well as principal, and to enter judgment for the full amount." A careful reading of the mandate, however, reveals that the trial court was to determine the amount of principal still due. No interest was provided for under the terms of the contract of sale. Defendant's monthly payments of $2,500 during the course of the litigation left the question of the amount of principal still due to be decided by the trial court. Plaintiff cites Miller v. Paul, 237 Ill App 166, and Cratty v. City of Chicago, 217 Ill 453, 75 NE 343, in support of her construction of the mandate, but neither case construed a mandate or used similar language.

■■ Plaintiff also argues that she is entitled to interest as a matter of equity. It is true that equitable procedures are used in deciding whether a confession of judgment should be opened. Nevertheless, the trial court could not exceed the limitations of the mandate.

■■ We turn to a consideration of the plaintiff's argument for attorneys' fees under the cognovit contained in the contract of sale. Here there is no problem with the mandate, as the trial court was specifically directed to "determine such attorneys' fees, if any, as may be due plaintiff under the contract." It is clear that plaintiff would be entitled to attorneys' fees under the cognovit if after the judgment had been opened and after a hearing on the merits, the judgment was confirmed. Fisher v. Wecker, 210 Ill App 345; West v. McNaughton, 211 Ill App 259. It is also clear that if the judgment had been vacated (Morrison Hotel & Restaurant Co. v. Kirsner, 245 Ill 431, 92 NE 285) or had been opened and then vacated and the vacation affirmed on appeal (Weiss v. Danilczik, 262

Ill App 551), the plaintiff would not be entitled to attorneys' fees. Neither side, however, has cited a case similar to the one at bar, where the judgment was opened, additional pleading allowed, and after a hearing on the merits, the defendant's motion to dismiss plaintiff's complaint was granted and then reversed on appeal.

Defendant argues, however, that plaintiff is not entitled to attorneys' fees under the cognovit because she filed an amended complaint without a cognovit and because she abandoned her action for confession of judgment in the prayer of her amended complaint and on her motion for summary judgment. In Midwest Bank & Trust Co. v. Server, 45 Ill App2d 153, 195 NE2d 203, the court said, p 157:

> "We note that plaintiff has failed to file a formal complaint in this proceeding. In confession of judgment cases it has apparently been the procedure to present the documents containing authority to confess, together with a statement of the amount claimed. Where a simple note is presented the procedure is perhaps adequate, but where the proceeding is more involved, as it is in the instant case, a complaint such as is presented in other cases should be filed."

That case held only that where something other than a simple issue of computing the amount due was involved, the plaintiff should do more than merely present the instrument authorizing the confession. We did not intend that by so doing plaintiff should be considered to have abandoned the confession of judgment as a proceeding.

Supreme Court Rule 23 provides that after a confession of judgment has been opened, "the case shall thereafter proceed to trial upon the complaint, answer,

363

*and any further pleadings* which are required or permitted." (Emphasis added.) Ill Rev Stats ch 110, § 101.23 (1963). This rule obviously contemplates further pleadings in a confession of judgment proceeding, and not the abandonment of such a proceeding by the filing of pleadings.

It is true that the motion to vacate the confession of judgment was never ruled on, that no motion to reinstate the confession of judgment was made, and that the judgment of the appellate court reversed the dismissal of plaintiff's complaint and did not specifically reinstate the judgment of confession. All of the plaintiff's pleadings and motions, however, and the appellate court's judgment had the same practical effect as if the confession of judgment were opened, vacated, and then reinstated on appeal.

■■ A debtor's agreement to pay the creditor's attorneys' fees in a confession of judgment proceeding is a contract by which the debtor, in part consideration of the credit given him, agrees to indemnify his creditors against legal expenses incurred in the event the creditor is subjected to the necessity of bringing suit to collect the debt. Weigley v. Matson, 125 Ill 64, 16 NE 881. We find that the plaintiff is entitled to reasonable attorneys' fees.

Plaintiff argues that she is also entitled to attorneys' fees under sections 41 and 57(5) of the Civil Practice Act because as she alleges the defendant filed pleadings and affidavits in bad faith in support of his motion to dismiss the plaintiff's motion for summary judgment. Ill Rev Stat, ch 110, §§ 41 and 57(5) (1963).

■ As hereinbefore set forth, defendant filed pleadings and affidavits as to when the sale to the third party had taken place. Plaintiff then subpoenaed the records of the third party and filed affidavits indicating that the sale had occurred at a prior time. Defendant made a motion to amend his pleadings and

affidavits on the ground that he had made "an honest mistake." The court overruled plaintiff's objections and permitted defendant to amend his pleadings and affidavits. This is a conclusive determination that the defendant had indeed made an honest mistake and that the pleadings and affidavits were not filed in bad faith within the meaning of sections 41 and 57(5) of the Civil Practice Act. Attorneys' fees under those sections should be denied.

The judgment is affirmed in part and reversed in part and the cause is remanded with directions to ascertain the reasonable attorneys' fees due the plaintiff under the cognovit and to enter judgment therefor, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Affirmed in part, reversed in part, and remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.